**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IGOR OSETROV,<br><br>Plaintiff,<br><br>v.<br><br>KAIRA TRANSPORT, INC. AND VASUDEV KANWAL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: |

**NOTICE OF REMOVAL**

COMES NOW Defendant Kaira Transport, Inc., (hereinafter collectively, "Defendant") by and through the undersigned counsel of record and pursuant to 28 U.S.C. § 1332, § 1441 and § 1446 hereby removes to this Court a lawsuit filed against it by Plaintiff Igor Osetrov ("Plaintiff") in the Circuit Court of Franklin County, Missouri (Case No.: 26AB-CC00252). In support, Defendant state as follows:

1. On July 10, 2026, Plaintiff filed a Petition against Defendant in the Circuit Court of Franklin County, Missouri, alleging negligent operation of commercial motor vehicle, negligence per se under RSMo § 304.010 and Federal Motor Carrier Safety Regulations 49 CFR Parts 300-399, and negligent hiring, training, supervision, and retention ("Petition"). A copy of the Petition is attached hereto as part of **Exhibit A**.

2. The instant lawsuit is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1332 by virtue of diversity jurisdiction in that the lawsuit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. With respect to diversity as to the parties' citizenship:

A. Plaintiff is alleged to be a citizen of the State of Pennsylvania. See Petition, ¶ 1 (Ex. A).

B. Defendant Vasudev Kanwal is alleged to be a citizen of the State of Virginia. See Petition, ¶ 2 (Ex. A).

C. Defendant Kaira Transport Inc. is alleged to be a foreign corporation with its principal place of business in California. See Petition, ¶ 3 (Ex. A). Furthermore, Defendant Kaira Transport Inc. is a corporation organized under the laws of the State of California.

4. With respect to the amount in controversy, when determining whether the requisite jurisdictional amount has been met, courts consider in the aggregate all forms of relief requested, including emotional distress, punitive damages and statutory attorneys' fees. *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 766 (8th Cir. 2001) (punitive damages and statutory attorneys' fees count in the calculation of amount in controversy); *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (actual damages and punitive damages count toward the amount in controversy); *Riffert v. Walgreen Co.*, 2008 U.S. Dist. LEXIS 12751 (E.D. Mo. Feb 20, 2008) (emotional distress, punitive damages, and attorneys' fees included in calculation of amount in controversy).

5. "To demonstrate the amount in controversy is met, the defendant must prove the 'jurisdictional fact' by a preponderance of the evidence." *Smith v. AT&T*, No. 4:19-CV-881-RK, 2020 U.S. Dist. LEXIS 75138, at *2 (W.D. Mo. 2020) (citation omitted). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . ." Id. at *3. "Put another way, the defendant need only show a fact finder could legally award more than $75,000." Id. (citing *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009)). "The defendant's burden is a pleading requirement, not a demand for proof." Id.

6. In cases in which removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The amount in controversy in this matter unquestionably exceeds $75,000, exclusive of interest and costs.

7. Plaintiff has brought three claims against Defendant. The WHEREFORE clauses of the Petition more specifically delineate the damage claims to be "in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, for pre-judgment and post-judgment interest, and for any further relief this Court deems just and proper." See Petition, Wherefore clauses, pp.4-6 (Ex. A).

8. "[B]ased on authority and common sense, it is appropriate to factor into an amount-in-controversy calculation the amount of lost wages that will accrue through trial, provided that the plaintiff would be entitled to that amount if successful and there is adequate evidence from which to determine the amount." *Fenlon v. Burch*, No. 4:15-cv-185-JCH, 2015 U.S.Dist. LEXIS 26167, *8-9 (E.D.Mo. 2015).

9. Plaintiff alleges past and future wage loss as a result of the accident. See Petition, ¶ 26-27, 40-41, and 56-57 (Ex. A).

10. In establishing the jurisdictional requirement of over $75,000, this Court can also consider the fact that Plaintiff seeks an unspecified amount for alleged emotional distress and attorney's fees. *Smith v. AT&T*, No. 4:19-CV-881-RK, 2020 U.S. Dist. LEXIS 75138, at *4 (W.D. Mo. 2020) ("Although Plaintiff does not quantify her emotional distress damages or punitive

damages, Defendant correctly posits those damages may be considered when determining whether the amount in controversy is satisfied.”).

11. Plaintiff alleges emotional damages as a result of the accident. See Petition, ¶ 22, 37, and 52 (Ex. A).

12. Additionally, Plaintiff alleges past and future medical expenses, diminished quality of life, and severe and permanent injuries as a result of the accident. See Petition, ¶ 21, 23-25, 28, 36, 38-40, 43, 51, 53-55, and 58 (Ex. A).

13. When the available potential damages are aggregated in this case there is no doubt that the amount in controversy requirement has been satisfied.

14. As set out in 28 U.S.C. § 1446(b), the notice of removal must be filed within 30 days after defendant’s receipt of a copy of the initial pleading setting forth the claim for relief.

15. In this case, Defendant accepted service of the Summons and Petition on July 21, 2026.

16. Defendant has, therefore, timely filed this Notice of Removal.

17. According to 28 U.S.C. § 1446(b)(2)(A), “[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.” There are no other defendants who have been served. As of August 20, 2026, Defendant Vasudev Kanwal has not been served.

18. A copy of all process, pleadings and orders served upon Defendant are attached hereto as **Exhibit A**.

19. The Circuit Court of Franklin County, Missouri, where this case was originally filed, is located within the Eastern District of Missouri. See 28 U.S.C. §§ 105(b)(4); L.Rs. 3.2(a)(2)

and (b)(3). Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

20. This Notice of Removal is accompanied by written Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of Franklin County, Missouri, on this date, all as required by 28 U.S.C. § 1446(d).

21. After filing this Notice of Removal, Defendant will promptly file a copy of this Notice of Removal with the Circuit Court of Franklin County, Missouri, Case No. 24SL-CC02029, will serve a copy on Plaintiff through his counsel of record, and will file the Notice with the Court following receipt of the state court acknowledgement. See 28 U.S.C. § 1446(b) and (d).

22. By removing the case, Defendant is not waiving any defense, jurisdictional or otherwise, which it may possess. Defendant also does not concede that Plaintiff has stated any proper claim against it.

WHEREFORE, Defendant Kaira Transport Inc. hereby respectfully request removal of this case from the Circuit Court of Franklin County, Missouri to the United States District Court for the Eastern District of Missouri for further proceedings, and for such other and further relief as the Court deems just and appropriate under the premises.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ James C. Morris*
James C. Morris, #53074MO
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Telephone: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
*Counsel for Defendants*
*Kaira Transport Inc. and Vasudev Kanwal*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on August 20, 2026, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

*/s/James C. Morris*